**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BROWSERKEY, LLC, | § § | Case No. |
| Plaintiff, | § § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| WELLS FARGO & CO., | § § § | |
| Defendant. | § § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BrowserKey, LLC ("BrowserKey" or "Plaintiff") for its Complaint against Wells Fargo & Co. ("Wells Fargo" or "Defendant") alleges as follows:

**THE PARTIES**

1. BrowserKey is incorporated under the laws of the State of Texas, with a place of business located at 101 East Park Boulevard, Suite 600, Plano, Texas 75074.

2. Upon information and belief, Defendant Wells Fargo & Co. is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 420 Montgomery Street, San Francisco, CA 94104, and with additional regular and established places of business in this District at least at 2317 Richmond Road, Texarkana, Texas 75503; 2400 East Plano Parkway, Plano, Texas 75074; 1500 Custer Road, Plano, Texas 75075; 212 Coit Road, Plano, Texas 75075; 2912 Legacy Drive, Plano, Texas 75023; 154 West FM 544, Murphy, Texas 75094; 995 West Bethany Drive, Allen, Texas 75013; 4000 Legacy Drive, Plano, Texas 75024; 3300 Preston Road, Plano, Texas 75093; 5936 West Park Boulevard, Plano, Texas 75093; 8990 State Highway 121, McKinney, Texas 75070; 1602 East Exchange Parkway, Allen, Texas 75002;

and 7900 Woodbridge Parkway, Suite 179, Sachse, Texas 75048. Upon information and belief, Defendant may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4. This Court has specific and personal jurisdiction over Defendant consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, Defendant has sufficient minimum contacts with the forum because Defendant has physical locations and transacts substantial business in the State of Texas and in this Judicial District. Further, Defendant has, directly or through subsidiaries or intermediaries, committed acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant is registered to do business in Texas and, upon information and belief, Defendant has transacted business in this Judicial District, has committed acts of direct and indirect infringement in this Judicial District, and has regular and established places of business in this Judicial District as set forth above. Defendant is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. On information and belief, Defendant through its own acts and/or through the acts of others, makes, uses, sells, offers to sell, and/or imports infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District, such

that this venue is a fair and reasonable one. Further, upon information and belief, Defendant has admitted or not contested proper venue in this Judicial District in other patent infringement actions.

6. Upon information and belief, Defendant maintains physical places of business throughout the United States, including in this Judicial District including, but not limited to: 2317 Richmond Road, Texarkana, Texas 75503; 1301 Arkansas Road, Texarkana, Texas [zip code]; 2400 East Plano Parkway, Plano, Texas 75074; 1500 Custer Road, Plano, Texas 75075; 212 Coit Road, Plano, Texas 75075; 2912 Legacy Drive, Plano, Texas 75023; 154 West FM 544, Murphy, Texas 75094; 995 West Bethany Drive, Allen, Texas 75013; 4000 Legacy Drive, Plano, Texas 75024; 3300 Preston Road, Plano, Texas 75093; 5936 West Park Boulevard, Plano, Texas 75093; 8990 State Highway 121, McKinney, Texas 75070; 1602 East Exchange Parkway, Allen, Texas 75002; and 7900 Woodbridge Parkway, Suite 179, Sachse, Texas 75048.

7. Upon information and belief, Defendant offers its products and services throughout Texas, including this Judicial District, by shipping, distributing, offering for sale, selling, and advertising its products through its website:



8. Upon information and belief, Defendant manages the marketing, sales, and provision of services of its products to customers and/or potential customers located in Texas and in the Eastern District of Texas.

**U.S. PATENT NO. 7,249,262**

9. On July 24, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,249,262 (the "'262 Patent") entitled "Method For Restricting Access To

---

[1] https://www.wellsfargo.com/locator/search

A Web Site By Remote Users." A true and correct copy of the '262 Patent is attached hereto as Exhibit A.

10. BrowserKey is the sole and exclusive owner of all right, title, and interest to and in the '262 Patent, and holds the exclusive right to take all actions necessary to enforce its rights to the '262 Patent, including the filing of this patent infringement lawsuit. BrowserKey also has the right to recover all damages for infringement of the '262 Patent as appropriate under the law.

## INFRINGEMENT ALLEGATIONS

11. The '262 Patent generally covers a method of restricting access to data maintained on a server computer by one or more authorized, networked client machines. The technology was developed by Leon E. Hauck and Brent J. Burval. This technique is incorporated into web and mobile applications made by numerous banking institutions, including Wells Fargo.

12. Wells Fargo has manufactured, used, marketed, distributed, sold, offered for sale, exported from, and imported into the United States, products that infringe the '262 Patent. These Accused Products include at least all versions and variants of the Wells Fargo Web and Mobile Applications since 2018.

13. BrowserKey has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the '262 Patent.

## COUNT I
### (Infringement of the '262 Patent)

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15. BrowserKey has not licensed or otherwise authorized Wells Fargo to make, use, offer for sale, sell, or import any products that embody the inventions of the '262 Patent.

16. Wells Fargo has and continues to directly infringe the '262 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by

making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '262 Patent. These products include at least all versions and variants of the Wells Fargo Web and Mobile Applications.

17. For example, Wells Fargo directly infringes at least claim 11 of the '262 Patent by making, using, offering to sell, selling, and/or importing into the United States products that practice a method of restricting access to data maintained on a server computer by an authorized client machine, said method comprising the steps of: a. creating a session identifier in a computer remote from the client machine for a current browsing session of the client machine; b. transmitting to the client machine the session identifier created in step a.; c. storing the session identifier transmitted in step b. within the client machine; d. verifying, on the client machine, that the client machine is authorized to access data maintained on the server computer; e. obtaining the session identifier stored in step c., and storing such session identifier within a storage table remote from the client machine if such client machine was verified in step d.; f. transmitting a request by the client machine for access to data maintained on the server computer, such request including the session identifier stored in step c.; g. comparing the session identifier transmitted in step f. with the session identifier stored in the storage table during step e. to determine whether the request for access transmitted in step f. is authorized; and h. permitting access by the client machine to the requested data maintained on the server computer if the comparison made in step g. shows that the request for access is authorized, and denying access by the client machine to the requested data maintained on the server computer if the comparison made in step g. shows that the request for access is not authorized.

18. The Accused Products practice a method of restricting access to data maintained on a server computer by an authorized client machine. For example, upon information and belief, on

client machines running the Wells Fargo Mobile Application variant for Apple iOS, one method by which an operator may sign in to access Wells Fargo's "protected URLs," as a Wells Fargo Account holder, is via Apple's Touch and Face ID (locally compared "biometrics").

19. The Accused Products further practice a method creating a session identifier in a computer remote from the client machine for a current browsing session of the client machine. For example, upon information and belief, Wells Fargo server computer(s) create one or more session identifiers, remote from the client machine, when a new user agent session on the client machine initially requests, via the HTTP protocol, a Wells Fargo "protected URL."

20. Further, upon information and belief, when first launching the Wells Fargo Mobile Application, a user agent requests Wells Fargo URLs. In response to the request, one or more name-value pair(s) are created by the Wells Fargo server(s).

21. The Accused Products further practice a method of transmitting to the client machine the session identifier created in step a. Upon information and belief, Wells Fargo transmits the session identifier(s) to the client machine via the Internet. Session identifier(s) are transmitted by the Wells Fargo HTTP server computer(s) to the client machine via one or more HTTP response headers and/or HTTP response bodies.

22. The Accused Products further practice a method of storing the session identifier transmitted in step b. within the client machine. Upon information and belief, per instructions from Wells Fargo servers and/or Wells Fargo computer code, the web browser stores the session identifiers(s) on the client machine.

> **Agreement to policy**
>
> To the extent permitted by applicable law, by using a Site or interacting with a Wells Fargo advertisement or page or account on a third-party site, you consent to this Policy, including your consent to our use and disclosure of information about you in the manner described in this Policy.
>
> **Collecting, using and disclosing information**
>
> **Types of information**
>
> You may interact with us in a variety of ways online, including through a mobile device. We may offer sites or applications that permit browsing and do not require registration. We may also offer the ability to enroll, register or access your accounts online. Information that we may collect about you through online interaction includes information that you input, such as your name, address, email address, and other contact information; data resulting from your activity, such as transaction information and the pages you visit on Site; location information; and biometric information, such as voiceprint, for example, if you choose to enroll in verification by voiceprint, and behavioral characteristics, such as keystroke and mouse movement patterns. We may also collect additional information, such as the type of device and browser you are using, the IP address of your device, information about your device's operating system, and additional information associated with your device. We may also collect information through cookies, tags, and other technologies, as described further below.[2]

23. The Accused Products further practice a method of verifying, on the client machine, that the client machine is authorized to access data maintained on the server computer. Upon information and belief, when the client machine supports Apple Touch / Face ID, and the Wells Fargo Mobile Application has been provisioned to sign in to Wells Fargo online services via Touch / Face ID, Wells Fargo computer code automatically prompts the operator to sign in via Touch / Face ID immediately after the application is launched.



---

[2] https://www.wellsfargo.com/privacy-security/online/

24. The Accused Products further practice a method of obtaining the session identifier stored in step c., and storing such session identifier within a storage table remote from the client machine if such client machine was verified in step d. Upon information and belief, the Wells Fargo Web Application is an extension or related to a remote Wells Fargo storage table storing session identifier(s).

25. The Accused Products further practice a method of transmitting a request by the client machine for access to data maintained on the server computer, such request including the session identifier stored in step c. Upon information and belief, per instructions from Wells Fargo servers and/or Wells Fargo computer code, upon successful sign in, the user agent is automatically redirected to the default Wells Fargo Mobile Application page (a Wells Fargo "Protected URL") which invokes one or more HTTP requests. The HTTP request(s) are transmitted by the client machine and such request(s) include session identifier(s) to overcome limitations of the stateless HTTP protocol.

26. The Accused Products further practice a method of comparing the session identifier transmitted in step f. with the session identifier stored in the storage table during step e. to determine whether the request for access transmitted in step f. is authorized. Upon information and belief, Wells Fargo compares session identifier(s) remotely. For example, when session cookies (which store session identifiers(s)) are deleted from the client machine, the client machine is no longer logged in and no longer able to access Wells Fargo "Protected URLs." Furthermore, Wells Fargo indicates that "if you choose to reject cookies, you cannot access your accounts online with Wells Fargo."[3]

---

[3] https://www.wellsfargo.com/privacy-security/online/

> **Options to manage cookies and Ad Choices**
>
> If you receive an ad delivered on a third-party site in part based on information collected through the use of cookies, you may opt out of receiving such ads by visiting http://www.aboutads.info/choices/. This opt-out works via cookies set on a particular browser, so if you delete cookies from a web browser, you will need to opt out again on that web browser.
>
> If you use multiple browsers or devices, information that we collect about you from one particular browser or device may be used to provide advertising or collect information on another browser or device. Information may also be transferred to a third party for advertising or information collection on behalf of Wells Fargo. Please note that your choice to opt out on a particular browser or device will apply only to the collection and use of information from that particular browser or device. Opting out on a particular device will not opt you out of information collection on other devices, nor will it limit cross-device sharing on those other devices. If you use different browsers on a device or multiple devices, for each browser and device you wish to opt out, please opt out each device and browser separately.
>
> You may be able to set your browser to reject browser cookies. However, if you choose to reject cookies, you cannot access your accounts online with Wells Fargo. If you set your browser options to disallow cookies, you will limit the functionality we can provide when you visit our Site. The latest versions of internet browsers provide cookie management tools, such as the ability to delete or reject cookies or only retain cookies for a specific browsing session. We recommend that you refer to information supplied by browser providers for more specific information, including how to use these tools.

27. The Accused Products further practice a method of permitting access by the client machine to the requested data maintained on the server computer if the comparison made in step g. shows that the request for access is authorized, and denying access by the client machine to the requested data maintained on the server computer if the comparison made in step g. shows that the request for access is not authorized. Upon information and belief, if the client machine is signed in, access to data maintained on Wells Fargo servers(s) is authorized by Wells Fargo. If the client machine is not signed in, access to data maintained on Wells Fargo servers(s) is denied by Wells Fargo.

28. Wells Fargo indirectly infringes one or more claims of the '262 Patent by knowingly and intentionally inducing others, including Wells Fargo customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Wells Fargo Web and Mobile Applications.

29. Wells Fargo indirectly infringes one or more claims of the '262 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as Wells Fargo's customers and end-users, in this District and elsewhere in the United States. For example, Wells Fargo's customers and end-users directly infringe, either literally or under the doctrine of equivalents,

through their use of the inventions claimed in the '262 Patent. Wells Fargo induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Wells Fargo's inducement, Wells Fargo's customers and end-users use Accused Products in a way Wells Fargo intends and directly infringe the '262 Patent. Wells Fargo performs these affirmative acts with knowledge of the '262 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '262 Patent.

30. Wells Fargo indirectly infringes one or more claims of the '262 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Wells Fargo's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '262 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '262 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Wells Fargo to be especially made or adapted for use in the infringement of the '262 Patent. Wells Fargo performs these affirmative acts with knowledge of the '262 Patent and with intent, or willful blindness, that they cause the direct infringement of the '262 Patent.

31. BrowserKey has suffered damages as a result of Defendant's direct and indirect infringement of the '262 Patent in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BrowserKey prays for relief against Wells Fargo as follows:

a. Entry of judgment declaring that Wells Fargo has directly and/or indirectly infringed one or more claims of the '262 Patent;

b. Entry of judgment declaring that Wells Fargo's infringement of the '262 Patent is willful;

c. An order awarding damages sufficient to compensate BrowserKey for Defendant's infringement of the '262 Patent, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding BrowserKey its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

e. An accounting for acts of infringement;

f. Such other equitable relief which may be requested and to which the Plaintiff is entitled; and

g. Such other and further relief as the Court deems just and proper.


Dated: October 2, 2024                                  Respectfully submitted,

                                                        /s/ Vincent J. Rubino, III
                                                        Alfred R. Fabricant
                                                        NY Bar No. 2219392
                                                        Email: ffabricant@fabricantllp.com
                                                        Peter Lambrianakos
                                                        NY Bar No. 2894392
                                                        Email: plambrianakos@fabricantllp.com
                                                        Vincent J. Rubino, III

NY Bar No. 4557435
Email: vrubino@fabricantllp.com
Jacob Ostling
NY Bar No. 5684824
Email: jostling@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

**ATTORNEYS FOR PLAINTIFF
BROWSERKEY INC.**