# EXHIBIT F

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/097,828 | 04/29/2011 | Erik Stephen Ross | 4375USCIP1.014033.1247 | 7327 |

69603          7590          10/05/2012
Bank of America
c/o Moore and Van Allen, PLLC
430 DAVIS DRIVE, SUITE 500
POST OFFICE BOX 13706
RESEARCH TRIANGLE PARK, NC 27709

| EXAMINER |
|---|
| CHEN, GEORGE YUNG CHIEH |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3628 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/05/2012 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

boauspto@mvalaw.com
usptomail@mvalaw.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 13/097,828 | ROSS, ERIK STEPHEN |
| | Examiner | Art Unit |
| | GEORGE CHEN | 3628 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>31 August 2012</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

5) ☒ Claim(s) <u>1-60</u> is/are pending in the application.
   5a) Of the above claim(s) <u>49-60</u> is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-48</u> is/are rejected.
8) ☒ Claim(s) <u>4 and 16</u> is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>04/29/2011</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
12) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 13/097,828 Page 2
Art Unit: 3628

## 1. DETAILED ACTION

2. This communication is a non-final action in response to response to election/restriction requirement filed on 08/31/2012. Claims 1-48 are elected.

### 3. Election/Restrictions

4. Applicant's election without traverse of claims 1-48 in the reply filed on 08/31/2012 is acknowledged.

### 5. Claim Objection

6. Claim 4 is objected because it appears that the word "be" is mistakenly inserted.

7. Claim 16 is objected because it appears that "the" institution is a typographical error of "a" institution.

8. Please also review the rest of the claims and correct any other similar issues.

### 9. Claim Rejections - 35 USC § 102

10. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

11. **Claims 1-2, 5, 7, 16, 17-18, 21, 23, 32-34, 37, 39, 48 are rejected under 35 U.S.C. 102(b) as being anticipated by Hauck et al. (hereinafter Hauck, US 20030208562 A1).**

12. As per claim 1, Hauck discloses a method for providing data via a data share platform comprising:

Application/Control Number: 13/097,828 Page 3
Art Unit: 3628

    ✓    populating the data share platform with data that is accessible through the data share platform (see at least Hauck, 0014, restricting access to data maintained on a server);

    ✓    receiving a request, from a requestor who desires access to the data on the data share platform, wherein the request includes authentication information (see at least Hauck, 0016, when a user desires access to data on the server, client-side software regenerates its identifier. A comparison is then made to compare identifier to the unique password);

    ✓    authenticating the requestor from the authentication information, to determine if the requestor has access to the data on the data share platform (see at least Hauck, 0016, when a user desires access to data on the server, client-side software regenerates its identifier. A comparison is then made to compare identifier to the unique password); and

    ✓    providing, using a processing device, a response to the request, wherein the response to the request comprises data available through the data share platform, the data being provided to the requestor based at least in part on queries made by the requestor to the data share platform (see at least Hauck, 0016, if verifies identifier properly, software recognizes the client machine as being authorized to access data maintained on the server computer).

13.     As per claim 2, Hauck further discloses the method of claim 1, wherein populating the data share platform comprises data provided by an institution (see at least Hauck, 0004, in some

Application/Control Number: 13/097,828 Page 4
Art Unit: 3628

instances, access must be restricted to particular authorized employees due to sensitive nature; this is likely the case in many corporate systems).

14.  As per claim 5, Hauck further discloses the method of claim 1, wherein the requestor is a customer of the institution providing the data share platform (see at least Hauck, 0004, in other cases such as subscription based web sites, the data stored on the server has value and the owner limits access to paying subscribers).

15.  As per claim 7, Hauck further discloses the method of claim 1, wherein authenticating the requestor for access to the data share platform is based at least in part on institutional security (see at least Hauck, 0004, in some instances, access must be restricted to particular authorized employees due to sensitive nature; this is likely the case in many corporate systems).

16.  As per claim 16, Hauck further discloses the method of claim 1, wherein the institution is a financial institution, wherein the data provided by the data share platform is financial data (see at least Hauck, 0004, in other instances, such as on-line banking, access must be limited to the authorized owner of account).

17.  Claims 17-18, 21, 23, 32-34, 37, 39, 48 contains limitations substantially similar to claims 1, 2, 5, 7, or 16 and are herein rejected under similar rationale as set forth above.

18.  *Claim Rejections - 35 USC § 103*

Application/Control Number: 13/097,828 Page 5
Art Unit: 3628

19.  The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

**20.  Claims 3, 4, 6, 8-10, 19, 20, 22, 24-26, 35, 36, 38, 40-42 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hauck in view of Pasupulati et al. (hereinafter Pasupulati, US 20100010908 A1).**

21.  As per claim 3, Hauck discloses the method of claim 1, but does not explicitly disclose wherein populating the data share platform comprises data provided by the requestor and implemented on the data share platform by the requestor.

Hauck, however, discloses that the system used by an administrator of website (see at least Hauck, 0020, some users may be authorized to access all pages of a web site).

Pasupulati teaches an owner of a website provides data and implement features to the website (see at least Pasupulati, 0052-0055, merchant provides API credentials. The end result is that code snippets and files get generated by the wizard from the API. Merchant then decide to go live with the code which basically means that the code will be placed on the merchant's website).

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to include Pasupulati's owner updating new feature of website and provide data for the feature to Hauck's web server management for the purpose of creating new feature.

Application/Control Number: 13/097,828    Page 6
Art Unit: 3628

22.     As per claim 4, Hauck discloses the method of claim 1, but does not explicitly disclose wherein receiving a request is provided through an application programming interface.

Pasupulati teaches using API (see at least Pasupulati, 0052-0055, merchant provides API credentials. The end result is that code snippets and files get generated by the wizard from the API).

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to include Pasupulati's usage of API to Hauck's web server management for the purpose of creating new feature.

23.     As per claim 6, Hauck discloses The method of claim 1, but does not explicitly disclose wherein the requestor is a commercial partner of the institution providing the data share platform.

Pasupulati teaches requestor is a commercial partner (see at least Pasupulati, 0052, merchant provides credentials (partner)).

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to include Pasupulati's partner participation to Hauck's web server management for the purpose of facilitating online payment.

24.     As per claim 8, Hauck discloses the method of claim 1, but does not explicitly disclose wherein authenticating the requestor for access to the data share platform is based in part on the requestor providing data to the data share platform.

Application/Control Number: 13/097,828　　　　　　　　　　　　　　　　　　　　　　Page 7
Art Unit: 3628

Pasupulati teaches user request access so that user can provide data (see at least Pasupulati, 0052-0055, merchant provides API credentials. The end result is that code snippets and files get generated by the wizard from the API)

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to include Pasupulati's usage of API to Hauck's web server management for the purpose of creating new feature.


25.　　As per claim 9, Hauck discloses the method of claim 8, but does not explicitly disclsoe wherein requestor provided data comprises data that the institution is not able to acquire independent of the requestor.

Pasupulati teaches wherein requestor provided data comprises data that the institution is not able to acquire independent of the requestor (see at least Pasupulati, 0052-0055, merchant provides API credentials. The end result is that code snippets and files get generated by the wizard from the API. Merchant then decide to go live with the code which basically means that the code will be placed on the merchant's website).

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to include Pasupulati's owner updating new feature of website and provide data for the feature to Hauck's web server management for the purpose of creating new feature.


26.　　As per claim 10, Hauck discloses the method of claim 4, but does not explicitly disclose wherein the application programming interface provides the response to the request.

Application/Control Number: 13/097,828 Page 8
Art Unit: 3628

Pasupulati teaches API provides response (see at least Pasupulati, 0052-0055, files get generated by the wizard from the API. Merchant will have the downloaded files which were generated)

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to include Pasupulati's usage of API to Hauck's web server management for the purpose of creating new feature.

27. Claims 19, 20, 22, 24-26, 35, 36, 38, and 40-42 contain limitations substantially similar to claims 3, 4, 6, or 8-10 and are herein rejected under similar rationale as set forth above.

28. **Claims 11, 13, 15, 27, 29, 31, 43, 45, 47 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hauck in view of Daswani et al. (hereinafter Daswani, US 20020023108 A1).**

29. As per claim 11, Hauck discloses the method of claim 1, but does not explicitly disclose further comprising monitoring activity of the data share platform

Daswani teaches monitoring activity of subscribers (see at least Daswani, 0020 configuring the person as a subscriber to a web-based subscription service. Monitoring the person's web browsing activity).

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to apply Daswani's monitoring activity of subscriber to Hauck's data share platform for the purpose of providing additional value added services.

Application/Control Number: 13/097,828　　　　　　　　　　　　　　　　　　　　　　Page 9
Art Unit: 3628

30.　　As per claim 13, Hauck discloses the method of claim 11, but does not explicitly disclose wherein monitoring the activity of the data share platform comprises monitoring use of the data, wherein the data comprises code recognition readable by the data share platform.

　　Daswani teaches monitoring use of the data, wherein the data comprises code recognition readable by the data share platform (see at least Daswani, 0020, configuring person as a subscriber. Storing person security data associated with individual ones of frequent destinations. Submitting for destinations when recognized).

　　Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to apply Daswani's monitoring activity of subscriber to Hauck's data share platform for the purpose of providing additional value added services.

31.　　As per claim 15, Hauck discloses the method of claim 11, but does not explicitly disclose further comprising providing institutional security for the data share platform based at least in part on the monitoring interaction between the data share platform and the requestor.

　　Daswani teaches providing institutional security for the data share platform based at least in part on the monitoring interaction between the data share platform and the requestor (see at least Daswani, 0020, configuring person as a subscriber. Storing person security data associated with individual ones of frequent destinations. Submitting for destinations when recognized).

　　Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to apply Daswani's monitoring activity of subscriber to Hauck's data share platform for the purpose of providing additional value added services.

Application/Control Number: 13/097,828 Page 10
Art Unit: 3628

32. Claims 27, 29, 31, 43, 45, 47 contain limitations substantially similar to claims 11, 13, 15 and are herein rejected under similar rationale set forth above.

33. **Claims 12, 14, 28, 30, 44, 46 are rejected under 35 U.S.C. 103(a) as being unpatentable over Hauck in view of Daswani, further in view of Kessler et al. (hereinafter Kessler, US 20010034618 A1).**

34. As per claim 12, Hauck discloses the method of claim 11, but does not explicitly disclose wherein monitoring the activity of the data share platform comprises monitoring the number of accesses to the data share platform.

Kessler teaches a service platform monitoring number of access to the platform (see at least Kessler, 0132, an ASP may provide business with access HCPACS of the invention and charge on per-use basis).

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to apply Kessler's pricing model to Hauck's data share platform for the purpose of charging users.

35. As per claim 14, Hauck discloses the method of claim 11, but does not explicitly disclose further comprising determining a payment amount based at least in part on the monitoring interaction between the data share platform and the requestor.

Kessler teaches a service platform bills user based on monitored interaction between platform and the user (see at least Kessler, 0132, ASP can provide access and charge on a subscriber basis. service provided would be monitored to calculate a measurement of the

Application/Control Number: 13/097,828                                                                   Page 11
Art Unit: 3628

effectiveness. Effectiveness would be judged By outcomes such as sales, consumer visits, or session times. Thus, the higher the sales, the more would be required to pay)

Therefore, it would be obvious for one ordinary skilled in the art at the time of the invention to apply Kessler's pricing model to Hauck's data share platform for the purpose of charging users.

### 36.   *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to GEORGE CHEN whose telephone number is (571)270-5499. The examiner can normally be reached on Mon-Thu 6:30-5:00 Eastern Time.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, John Hayes can be reached on (571)272-6708. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number: 13/097,828 Page 12
Art Unit: 3628

/George Chen/
Examiner, Art Unit 3628