# EXHIBIT G

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| Appl No.: | 13/097,828 | Confirmation No.:  7327 |
| Applicant: | Erik Stephen Ross | |
| Filed: | April 29, 2011 | |
| Group Art Unit: | 3628 | |
| Examiner: | George Yung Chieh Chen | |
| Title: | INSTITUTIONAL PROVIDED DATA SHARE PLATFORM | |
| Atty Dkt. No. | 4375USCIP1.014033.1247 | |
| Customer No. | 69603 | |

Mail Stop Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

**AMENDMENT UNDER 37 C.F.R. § 1.111**

Sir:

In response to the Office Action dated October 5, 2012, please amend the above-identified application as follows:

**Amendments to the Drawings** begin on page 2 of this paper.

**Amendments to the Claims** are reflected in the listing of claims beginning on page 3 of this paper.

**Remarks** begin on page 13 of this paper.

Appl. No.: 13/097,828
Amdt. Dated:  November 27, 2012
Reply to Office Action of October 5, 2012
Page 2 of 17

**Amendments to the Drawings:**

Applicants submit herewith under separate cover amended figures replacing the current figures.

The following amendments have been made to the figures:

1. Figure 1 has been amended to replace potentially sensitive information.  Specifically, the term "fees" has been replaced by the term "assessments" in block 110.

2. Figure 4 has been amended to replace potentially sensitive information.  Specifically, the term "fees" has been replaced by the term "assessments" in block 414.

3. Figure 12 has been amended to correct a formality.  Specifically, a period has been added in section 1222.

4. Figure 14 has been amended to correct a formality.  Specifically, a period has been added in section 1428.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated:  November 27, 2012
Reply to Office Action of October 5, 2012
Page 3 of 17

**Amendments to the Claims:**

This listing of claims will replace all prior versions, and listing, of claims in the application:

1. (Currently Amended) A method for providing data via a data share platform comprising:

    populating the data share platform with data that is accessible through the data share platform, wherein the data share platform is provided by an institution, wherein populating the data share platform with data includes populating the data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor;

    receiving a request[[,]] from the [[a]] requestor who desires access to the data on the data share platform, wherein the request includes authentication information;

    authenticating the requestor from the authentication information[[,]] to determine if the requestor has access to the data on the data share platform; and

    determining data available to the requestor on the data share platform, wherein the available data is based at least in part on an amount of restricted data provided by the requestor;

    providing, using a processing device, a response to the request, wherein the response to the request comprises the available data the requestor has access to available through the data share platform, the data being provided to the requestor based at least in part on queries made by the requestor to the data share platform;

    determining an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform; and

    determining an assessment for the requestor, wherein the assessment is based at least in part on the available data used by the requestor for the application.

2. (Original) The method of claim 1, wherein populating the data share platform comprises data provided by an institution.

3. (Original) The method of claim 1, wherein populating the data share platform comprises data provided by the requestor and implemented on the data share platform by the requestor.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 4 of 17

4. (Currently Amended) The method of claim 1, wherein receiving a request is [[be]] provided through an application programming interface.

5. (Original) The method of claim 1, wherein the requestor is a customer of the institution providing the data share platform.

6. (Original) The method of claim 1, wherein the requestor is a commercial partner of the institution providing the data share platform.

7. (Original) The method of claim 1, wherein authenticating the requestor for access to the data share platform is based at least in part on institutional security.

8. (Original) The method of claim 1, wherein authenticating the requestor for access to the data share platform is based in part on the requestor providing data to the data share platform.

9. (Original) The method of claim 8, wherein requestor provided data comprises data that the institution is not able to acquire independent of the requestor.

10. (Original) The method of claim 4, wherein the application programming interface provides the response to the request.

11. (Original) The method of claim 1, further comprising monitoring activity of the data share platform

12. (Original) The method of claim 11, wherein monitoring the activity of the data share platform comprises monitoring the number of accesses to the data share platform.

13. (Original) The method of claim 11, wherein monitoring the activity of the data share platform comprises monitoring use of the data, wherein the data comprises code recognition readable by the data share platform.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 5 of 17

14. (Original) The method of claim 11, further comprising determining a payment amount based at least in part on the monitoring interaction between the data share platform and the requestor.

15. (Original) The method of claim 11, further comprising providing institutional security for the data share platform based at least in part on the monitoring interaction between the data share platform and the requestor.

16. (Currently Amended) The method of claim 2 [[1]], wherein the institution is a financial institution, wherein the data provided by the data share platform is financial data.

17. (Currently Amended) An institution provided data share platform system comprising:
  a memory device;
  a communication device; and
  a processing device operatively coupled to the memory device and the communication device, wherein the processing device is configured to execute computer-readable program code to:
    populate the data share platform with data that is accessible through the platform, wherein the data share platform is provided by an institution, wherein populating the data share platform with data includes populating the data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor;
    receive a request[[,]] from the [[a]] requestor who desires access to the data on the data share platform, wherein the request includes authentication information;
    authenticate the requestor from the authentication information[[,]] to determine if the requestor has access to the data on the data share platform; and
    determine data available to the requestor on the data share platform, wherein the available data is based at least in part on an amount of restricted data provided by the requestor;

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 6 of 17

provide a response to the request, wherein the response to the request comprises <u>the available</u> data <u>the requestor has access to</u> ~~available~~ through the data share platform~~, the data being provided to the requestor based at least in part on queries made by the requestor to the data share platform~~;

<u>determine an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform; and</u>

<u>determine an assessment for the requestor, wherein the assessment is based at least in part on the available data used by the requestor for the application</u>.

18. (Original) The system of claim 17, wherein populating the data share platform comprises data provided by an institution.

19. (Original) The system of claim 17, wherein populating the data share platform comprises data provided by requestors implemented on the data share platform by the requestor.

20. (Original) The system of claim 17, wherein the processing device is further configured to execute computer-readable program code to receive a request through an application programming interface.

21. (Original) The system of claim 17, wherein the requestor is a customer of the institution providing the data share platform.

22. (Original) The system of claim 17, wherein the requestor is a commercial partner of the institution providing the data share platform.

23. (Original) The system of claim 17, wherein the processing device is further configured to execute computer-readable program code to authenticate the requestor for access to the data share platform is based at least in part on institutional security.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 7 of 17

24.  (Original) The system of claim 17, wherein the processing device is further configured to execute computer-readable program code to authenticate the requestor for access to the data share platform is based in part on the requestor providing data to the data share platform.

25.  (Original) The system of claim 24, wherein requestor provided data is data that the institution is not able to acquire independent of requestor.

26.  (Original) The system of claim 20, wherein an application programming interface provides the response to the request.

27.  (Original) The system of claim 17, wherein the processing device is further configured to execute computer-readable program code to monitor activity of the data share platform.

28.  (Original) The system of claim 27, wherein monitor the activity of the data share platform comprising monitoring the number of accesses to the data share platform.

29.  (Original) The system of claim 28, wherein the data comprises code recognition readable by the data share platform.

30.  (Original) The system of claim 27, wherein the processing device is further configured to execute computer-readable program code to determine a payment amount based at least in part on monitoring the interaction between the data share platform and the requestor.

31.  (Original) The system of claim 27, wherein the processing device is further configured to execute computer-readable program code to provide institutional security for the data share platform based at least in part on monitoring interaction between the data share platform and the requestor.

32.  (Currently Amended) The system of claim 18 [[17]], wherein the institution is a financial institution, wherein the data provided by the data share platform is financial data.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 8 of 17

33.    (Currently Amended) A computer program product, the computer program product comprising at least one non-transitory computer-readable medium having computer-readable program code portions embodied therein, the computer-readable program code portions comprising:

an executable portion configured for populating the data share platform with data that is accessible through the data share platform, wherein the data share platform is provided by an institution, wherein populating the data share platform with data includes populating the data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor;

an executable portion configured for receiving a request[[,]] from the [[a]] requestor who desires access to the data on the data share platform, wherein the request includes authentication information;

an executable portion configured for authenticating the requestor from the authentication information to determine if the requestor has access to the data on the data share platform; and

an executable portion configured for determining data available to the requestor on the data share platform, wherein the available data is based at least in part on an amount of restricted data provided by the requestor;

an executable portion configured for providing a response to the request, wherein the response to the request comprises the available data the requestor has access to available through the data share platform, the data being provided to the requestor based at least in part on queries made by the requestor to the data share platform;

an executable portion configured for determining an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform; and

an executable portion configured for determining an assessment for the requestor, wherein the assessment is based at least in part on the available data used by the requestor for the application.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 9 of 17

34.     (Original) The computer program product of claim 33, wherein populating the data share platform comprises data provided by an institution.

35.     (Original) The computer program product of claim 33, wherein populating the data share platform comprises data provided by requestors implemented on the data share platform by the requestor.

36.     (Original) The computer program product of claim 33, wherein receiving a request is through an application programming interface.

37.     (Original) The computer program product of claim 33, wherein the requestor is a customer of the institution providing the data share platform.

38.     (Original) The computer program product of claim 33, wherein the requestor is a commercial partner of the institution providing the data share platform.

39.     (Original) The computer program product of claim 33, wherein authenticating the requestor for access to the data share platform is based at least in part on institutional security.

40.     (Original) The computer program product of claim 33, wherein authenticating the requestor for access to the data share platform is based in part on the requestor providing data to the data share platform.

41.     (Original) The computer program product of claim 40, wherein requestor provided data is data that the institution is not able to acquire independent of requestor.

42.     (Original) The computer program product of claim 33, wherein an application programming interface provides the response to the request.

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 10 of 17

43. (Original) The computer program product of claim 33, further comprising an executable portion configured for monitoring activity of the data share platform.

44. (Original) The computer program product of claim 43, wherein monitoring the activity of the data share platform comprises monitoring the number of accesses to the data share platform.

45. (Original) The computer program product of claim 43, wherein monitoring the activity of the data share platform further comprises code recognition readable by the data share platform.

46. (Original) The computer program product of claim 43, further comprising an executable portion configured for determining a payment amount based at least in part on monitoring the interaction between the data share platform and the requestor.

47. (Original) The computer program product of claim 43, further comprising an executable portion configured for providing institutional security for the data share platform based at least in part on the monitoring interaction between the data share platform and the requestor.

48. (Original) The computer program product of claim 33, wherein the data provided by the data share platform is financial data.


49. (Withdrawn) A method for providing a data share platform comprising:
   allowing access to data on the data share platform to a customer;
   providing security to the customer, wherein the customer is provided limited access to the data on the data share platform;
   monitoring activity of the data share platform; and
   determining a customer payment amount based on the customer use of the data share platform, wherein the fee is further based at least in part on the monitoring of the data share platform.

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 11 of 17

50.     (Withdrawn) The method of claim 49, wherein the data on the data share platform is provided to the customer through an application programming interface.

51.     (Withdrawn) The method of claim 49, wherein the customer is an individual customer of the institution providing the data share platform.

52.     (Withdrawn) The method of claim 49, wherein the customer is a commercial partner of the institution providing the data share platform.

53.     (Withdrawn) The method of claim 49, wherein providing security to the customer limits the customer access to restricted data.

54.     (Withdrawn) The method of claim 53, wherein restricted data is financial data of other customers.

55.     (Withdrawn) The method of claim 53, wherein restricted data comprises data that the institution is not able to acquire independent of the customer.

56.     (Withdrawn) The method of claim 49, further comprising providing security for the data share platform based at least in part on the monitoring of activity on the data share platform.

57.     (Withdrawn) The method of claim 49, wherein monitoring the activity of the data share platform comprises monitoring the number of accesses to the data share platform.

58.     (Withdrawn) The method of claim 49, wherein monitoring the activity of the data share platform comprises monitoring use of the data, wherein the data comprises code recognition readable by the data share platform.

59.     (Withdrawn) The method of claim 49, further comprising determining a payment amount based at least in part on the monitoring interaction between the data share platform and the

CHAR2\1450897v1

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 12 of 17

customer.

60.     (Withdrawn)  The method of claim 49, wherein the institution is a financial institution, wherein the data provided by the data share platform is financial data.

CHAR2\1450897v1

# REMARKS

This Amendment is filed in response to the Office Action dated October 5, 2012. Claims 1-48 were elected and are pending in this application. Claim 1, 4, 16-17, and 32-33 have been amended to clarify the invention being claimed. Applicants respectfully submit that the pending claims are patentable and respectfully request reconsideration in light of the following remarks.

I.   **Summary of Objections**

The Office has objected to claims 4 and 16 based on typographical errors. Specifically, the word "be" in claim 4 and the word "the" in claim 16. Applicants have removed the word "be" from claim 4. Applicants have amended claim 16 and other claims with similar issues to correct the antecedent basis issues. As such, Applicants request reconsideration and removal of the claim objections.

II.  **Summary of the Rejections**

*A.  35 U.S.C. § 102(b)*

Claims 1-2, 5, 7, 16-18, 21, 23, 32-34, 37, 39, and 48 were rejected under 35 U.S.C. 102(b) as being anticipated by U.S. Patent Application No. 2003/0208562 issued to Hauck et al. (hereinafter referred to as Hauck).

*B.  35 U.S.C. § 103(a)*

Claims 3-4, 6, 8-10, 19-20, 22, 24-26, 35-36, 38, and 40-42 were rejected under 35 U.S.C. 103(a) as being unpatentable over Hauck in view of U.S. Patent Application No. 2010/0010908 issued to Pasupulati et al. (hereinafter referred to as Pasupulati).

Claims 11, 13, 15, 27, 29, 31, 43, 45, and 47 were rejected under 35 U.S.C. 103(a) as being unpatentable over Hauck in view of U.S. Patent Application No. 2002/0023108 issued to Daswani (hereinafter referred to as Daswani).

Claims 12, 14, 28, 30, 44, and 46 were rejected under 35 U.S. C. 103(a) as being unpatentable over Hauck in view of Daswani in further view of U.S. Patent Application No. 2001/0034618 issued to Kessler et al. (hereinafter referred to as Kessler).

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 14 of 17

### III.     The Claims Are Patentable

Independent claims 1, 17, and 33 recite, in one form or another, populating the data share platform with data that is accessible through the data share platform, wherein the data share platform is provided by an institution, wherein populating the data share platform with data includes populating the data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor; receiving a request from the requestor who desires access to the data on the data share platform, wherein the request includes authentication information; authenticating the requestor from the authentication information to determine if the requestor has access to the data on the data share platform; determining data available to the requestor on the data share platform, wherein the available data is based at least in part on an amount of restricted data provided by the requestor; providing, using a processing device, a response to the request, wherein the response to the request comprises the available data the requestor has access to through the data share platform; determining an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform; and determining an assessment for the requestor, wherein the assessment is based at least in part on the available data used by the requestor for the application. Support for these amendments may be found at Figure 4, Paragraphs [0072]-[0077], Paragraphs [0081]-[0086], Abstract, and throughout the remaining portions of the specification. The claimed invention provides the functional benefit of an institutional provided data share platform allowing users and entities to create customized applications using the platform in combination with other data.

Hauck, singularly or in combination with the other cited references, does not teach or suggest the above-presented features of independent claims 1, 17, and 33. Hauck, on the other hand, teaches of a method of restricting access to data maintained on a server computer. The data may be accessed by a client by one or more authorized client machine-specific identifiers. In this way, the client machine-specific identifier may allow a client to access the data on a server computer. (*See* Hauck Abstract). Pasupulati teaches of a payment mechanism integration wizard that allows for integration of payment mechanisms into commercial websites to offer a flexible, user-friendly payment mechanism to a user. (*See* Pasupulati Abstract). Daswani teaches of an automatic web form interaction proxy that allows for internet based subscription

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 15 of 17

severs that accumulates and stores data pertinent to subscribers and subscriber web destinations. (*See* Daswani Abstract).  Finally, Kessler teaches of a healthcare payment and compliance system.  (*See* Kessler Abstract).

Specifically, Hauck, singularly or in combination with the other cited references, does not teach or suggest the following recitation of the independent claims: (1) populating the data share platform with data that is accessible through the data share platform, wherein the data share platform is provided by an institution, wherein populating the data share platform with data includes populating the data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor; (2) determining data available to the requestor on the data share platform, wherein the available data is based at least in part on an amount of restricted data provided by the requestor; and (3) determine an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform.

First, with respect to the claim recitation of populating the data share platform with data that is accessible through the data share platform, wherein the data share platform is provided by an institution, <u>wherein populating the data share platform with data includes populating the data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor</u>, the Office cites Hauck at Paragraph [0014] as teaching this recitation.  This portion of Hauck teaches of "restricting access to data maintained on a server" (*See* Office Action Page 3), and more specifically teaches of "restricting access to data maintained on a server computer by an authorized client machine connected by a network to the server computer…." (*See* Hauck Paragraph [0014]).  At no point does the cited portions of Hauck teach or suggest populating a data share platform with data from the institution providing the data share platform and requestor provided data that is restricted data authorized by the requestor.  While Hauck may teach of restricting access to the data maintained on a server, Hauck nor the other cited references teach or suggest a data share platform with requestor provided data that is restricted data authorized by the requestor.

Second, the cited references do not teach or suggest the independent claim recitation of determining data available to the requestor on the data share platform, <u>wherein the available data is based at least in part on an amount of restricted data provided by the requestor</u>.  Hauck may

CHAR2\1450897v1

teach of restricting access to data on a server using a client machine-specific identifier, but at no point does Hauck teach or suggest determining data available to <u>a requestor based on the amount of restricted data provided by the requestor</u>. Hauck on the other hand simply receives an indication of a client machine-specific identifier and allows access to data on a server. At no point does the amount of data accessible to the user depend on the amount of restricted data provided by the requestor.

Third, the cited references do not teach or suggest the independent claim recitation of <u>determining an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform</u>. At no point do the cited references teach or suggest determining an application that was built by the requestor using some of the data available to the requestor. Again, Hauck teaches of a method of restricting access to a web site, Pasupulati teaches of a payment wizard integrated into a web site, Daswani teaches of an automatic web form interaction proxy, and Kessler teaches of a healthcare compliance system. At no point do the cited references teach or suggest <u>determining an application built by the requestor using the one or more of the available data the requestor has access to through the data share platform</u>.

In light of the above, Applicant respectfully submits that independent claims 1, 17, 33 as amended, and the claims depending therefrom are patentable over Hauck, singularly or in combination with the other cited references. Reconsideration and allowance of all pending claims are therefore respectfully requested.

Appl. No.: 13/097,828
Amdt. Dated: November 27, 2012
Reply to Office Action of October 5, 2012
Page 17 of 17

## Conclusion

In view of the amended claims and the remarks presented above, it is respectfully submitted that all of the present claims of the application are in condition for immediate allowance. It is therefore respectfully requested that a Notice of Allowance be issued. The Examiner is encouraged to contact Applicant's undersigned attorney to resolve any remaining issues in order to expedite examination of the present application.

It is not believed that extensions of time or fees for net addition of claims are required, beyond those that may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 CFR § 1.136(a), and any fee required therefore (including fees for net addition of claims) is hereby authorized to be charged to Deposit Account No. 13-4365.

Respectfully submitted,

/Nicholas C. Russell/

Nicholas C. Russell
Registration No. 68,922

**CUSTOMER NUMBER 69603**
**MOORE & VAN ALLEN PLLC**
430 Davis Drive, Suite 500
Post Office Box 13706
Research Triangle Park, NC  27709
Tel Charlotte Office (704) 331-3611
Fax Charlotte Office (704) 339-5800

**Electronically filed via the EFS-Web Electronic Filing System of the United States Patent and Trademark Office on November 27, 2012.**

CHAR2\1450897v1