# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| BROWSERKEY, LLC, | |
|     Plaintiff, | Case No. 2:24-CV-00800-JRG-RSP |
|     v. | (Lead Case) |
| WELLS FARGO BANK, N.A., | **JURY TRIAL DEMANDED** |
|     Defendant. | |
| BROWSERKEY, LLC, | |
|     Plaintiff, | Case No. 2:24-CV-00798-JRG-RSP |
|     v. | (Member Case) |
| BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED | **JURY TRIAL DEMANDED** |
|     Defendants. | |

## BANK OF AMERICA DEFENDANTS' REPLY
## IN SUPPORT OF THEIR MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT

i

# TABLE OF CONTENTS

A.    Plaintiff fails to properly accuse any of the Defendants of infringement. .............................. 1

    1.    The FAC is entirely unclear on how Defendants independently infringe. ........................ 1

    2.    Plaintiff continues to ignore that BAC is an improper party. ............................................. 2

B.    Plaintiff's direct infringement allegations are unsupported and inconsistent. ...................... 3

    1.    The FAC offers no bounds to its broad grouping of accused products. ............................ 3

    2.    The FAC does not allege any verification of the *client machine*........................................ 4

    3.    The FAC does not contain enough facts to make the requisite showing that session identifiers are stored in two different places............................................................................ 6

    4.    The FAC similarly fails to provide facts supporting the claimed comparison of session identifiers to permit or deny authorized access........................................................................... 6

    5.    No divided infringement theories are present in the FAC. ................................................. 7

C.    The boilerplate allegations do not adequately plead pre-suit indirect infringement.............. 7

D.    The perfunctory showing of pre-suit willful infringement is similarly insufficient. .............. 9

E.    Plaintiff has not provided any reason to give it a third bite at the apple............................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
No. 2:21-CV-172-JRG, 2022 WL 610796 (E.D. Tex. Jan. 24, 2022) ...................................9, 10

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022) ...............................................................................7, 10

*In re BP p.l.c. Sec. Litig.*,
922 F. Supp. 2d 600 (S.D. Tex. 2013) ......................................................................................3

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
No. 2:18-CV-546-JRG, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) ...................................2

*Canon, Inc.* v. *TCL Elecs. Holdings Ltd.*,
No. 2:18-CV-546-JRG, Dkt. 22 ((E.D. Tex. Apr. 25, 2019) .....................................................2

*Casa de Cambio Comdiv S.A. de C.V. v. United States*,
291 F.3d 1356 (Fed. Cir. 2002) ................................................................................................7

*Case Fin., Inc. v. Alden*,
No. 1184-VCP, 2009 WL 2581873 (Del. Ch. Aug. 21, 2009) ..................................................3

*Clauder v. Sears, Roebuck & Co.*,
805 F. Supp. 445 (E.D. Tex. Nov. 5, 1992) ........................................................................1, 10

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
No. W-23-CV-38-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ........................................5

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ...........................9

*Dialect, LLC v. Bank of Am., N.A.*,
No. 2:24-CV-00207-JRG, 2024 WL 4980794 (E.D. Tex. Dec. 4, 2024) ...........................9, 10

*Doe v. Robertson*,
751 F.3d 383 (5th Cir. 2014) ....................................................................................................1

*Ferrer v. Chevron Corp.*,
484 F.3d 776 (5th Cir. 2007) ....................................................................................................5

*Fractus, S.A. v. TCL Corp.*,
No. 2:20-CV-97-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ........................................5

*Hills Point Indus. LLC v. Just Fur Love LLC*,
No. 22-1256 (GBW), 2023 WL 8804046 (D. Del. Dec. 20, 2023).........................................8

*KIPB LLC v. Samsung Elecs. Co.*,
No. 2:19-CV-56-JRG-RSP, 2020 WL 1500062 (E.D. Tex. Mar. 9, 2020) ........................9, 10

*KIPB LLC v. Samsung Elecs. Co.*,
No. 2:19-CV-56-JRG-RSP, Dkt. 1 (E.D. Tex. Feb. 14, 2019) .................................................10

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007) ...............................................................................................4

*Nalco Co. v. Chem-Mod, LLC*,
883 F.3d 1337 (Fed. Cir. 2018) ...............................................................................................3

*Nichia Corp. v. VIZIO, Inc.*,
No. 2:16-CV-616-JRG, 2017 WL 3836141 (E.D. Tex. July 24, 2017)....................................6

*Nichia Corp. v. Vizio, Inc.*,
No. 2:16-CV-616-JRG, Dkt. 1 (E.D. Tex. June 13, 2016) ........................................................4

*NorthStar Sys. LLC v. Volkswagen AG*,
No. 2:22-CV-486-JRG, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) .....................................9

*NorthStar Sys. LLC v. Volkswagen AG*,
No. 2:22-CV-486-JRG, Dkt. 69 (E.D. Tex. Sept. 9, 2023) .......................................................7

*Ormco Corp. v. Align Tech., Inc.*,
463 F.3d 1299 (Fed. Cir. 2006) ...............................................................................................7

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
No. 2:16-CV-59-JRG-RSP, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017) ............................1, 4

*Phillips v. Collier*,
No. 5:19-CV-170, 2020 WL 5753614 (E.D. Tex. Aug. 17, 2020) ............................................5

*Roebuck v. Dothan Sec., Inc.*,
515 F. App'x 275 (5th Cir. 2013)..............................................................................................8

*Sgromo v. Bestway Enter. Co.*,
No. 2:19-CV-60-JRG-RSP, 2019 WL 4686719 (E.D. Tex. Aug. 29, 2019)............................10

*Slyde Analytics, LLC v. Zepp Health Corp.*,
No. 2:23-CV-172-RWS-RSP, 2024 WL 4501979 (E.D. Tex. Aug. 28, 2024)
*report and recommendation adopted*, 2024 WL 4274878 (E.D. Tex. Sept. 24,
2024) ........................................................................................................................................2

*In re Taasera*,
    No. 2:22-CV-63-JRG, 2023 WL 2465584 (E.D. Tex. Mar. 10, 2023) ......................................9

*Titanide Ventures, LLC v. Int'l Bus. Machs. Corp.*,
    No. 4:12-CV-196, 2012 WL 5507327 (E.D. Tex. Oct. 18, 2012) .............................................8

*UTTO Inc. v. Metrotech Corp.*,
    119 F.4th 984 (Fed. Cir. 2024) ..............................................................................................3

As Defendants Bank of America Corporation ("BAC"), Bank of America, National Association ("BANA"), and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") (collectively, "Defendants") explained in their Motion to Dismiss (Dkt. 54), the deficiencies in the FAC do not give notice to Defendants of any plausible infringement charges against them, which is the predominant obligation of a complaint and cannot be sidestepped by waiting for discovery. Dkt. 66 at 5–6; *see Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014). Plaintiff BrowserKey LLC's ("Plaintiff's") Response (Dkt. 66) only emphasizes the many deficiencies in its First Amended Complaint ("FAC") (Dkt. 24) and attempts to weave together a narrative that is not actually pled in the FAC. But the Response cannot and does not cure the FAC's deficiencies. The FAC must stand on its own and cannot be corrected by other sources, such as the Response or infringement contentions. *See Panoptis Pat. Mgmt., LLC v. Blackberry Corp.*, 2017 WL 780885, at *2 (E.D. Tex. Feb. 10, 2017) (The "complaint—not motions, expert reports, or infringement contentions—governs [the] scope of [a] litigant's claim."). Given Plaintiff's repeated failure to adequately plead a remotely plausible theory of infringement, it is clear any further amendments would be futile. *See Clauder v. Sears, Roebuck & Co.*, 805 F. Supp. 445, 447 (E.D. Tex. Nov. 5, 1992). The FAC, therefore, should be dismissed with prejudice.

## A.    Plaintiff fails to properly accuse any of the Defendants of infringement.

Plaintiff argues that Defendants "simply ignore[] that the FAC's allegations apply to all Defendants" but fails to cite any portions of the FAC that support this argument. Dkt. 66 at 1.

### 1.    The FAC is entirely unclear on how Defendants independently infringe.

The FAC does not allege that each Defendant independently infringes. *Id.* at 5. It very clearly states the opposite—that Defendants "are all ***jointly*** responsible." Dkt. 34 ¶ 9 (emphasis added). However, joint responsibility is not recognized under patent law. Dkt. 54 at 6. Plaintiff acknowledges that the FAC must give "fair notice of what the claim is and the grounds upon which

1

it rests," which includes at least a general proposition for why *each* Defendant is liable. Dkt. 66 at 5. *Canon*, which Plaintiff cites, explains that this requires facts "about the relationships among Defendants and how they are liable for patent infringement." *Canon, Inc. v. TCL Elecs. Holdings Ltd.*, 2020 WL 1478356, at *5 (E.D. Tex. Mar. 25, 2020). In *Canon*, the complaint met this standard—pleading that each defendant, either directly or through intermediaries, maintains control over websites that promote and facilitate sales of the infringing products. *See Canon*, No. 2:18-CV-546, Dkt. 22 ¶ 14 (E.D. Tex. Apr. 25, 2019). In comparison, the FAC draws no connection between each Defendant and the alleged patent infringement. The FAC's references to Defendants' purported ownership of trademarks or physical locations fail to resolve this deficiency.

### 2.   Plaintiff continues to ignore that BAC is an improper party.

Plaintiff does not dispute that BAC is a holding company. Dkt. 34 ¶ 2. Instead, Plaintiff appears to simply dispute whether BAC engages in infringing activities. However, Plaintiff does not identify any such activities, and it is public knowledge that BAC offers no products or services, as confirmed by its website and public filings cited in the FAC. *See* Dkt. 54 at 9. Yet Plaintiff ignores what both Defendants and publicly available information are telling it, without offering any facts in opposition that support holding BAC liable. In *Slyde*, for comparison, the plaintiff pointed to the parent corporation's involvement in the *infringing activities* to hold it liable. *Slyde Analytics, LLC v. Zepp Health Corp.*, 2024 WL 4501979, at *1 (E.D. Tex. Aug. 28, 2024), *report and recommendation adopted*, 2024 WL 4274878 (E.D. Tex. Sept. 24, 2024). No similar allegations exist here. Therefore, there is no need to pursue discovery to conclude that BAC is an improper party. Discovery cannot be used to supplant making a proper factual allegation in the first instance. *See Doe*, 751 F.3d at 393.

Plaintiff's argument is essentially that it alleged infringement by BAC and that that allegation should be taken as true. That is not a valid argument. A court does not have to accept

allegations devoid of factual support, particularly where, as here, these allegations are contradicted by the documents they cite in support. *See In re BP p.l.c. Sec. Litig.*, 922 F. Supp. 2d 600, 622 (S.D. Tex. 2013) (if document cited in complaint "contradicts an allegation in the complaint, the document and not the allegation controls"). The Response also, for the first time, raises piercing the corporate veil by claiming a "failure to observe corporate formalities." Dkt. 66 at 6. But this is not pled in the FAC and demands a high bar under Delaware law (where BAC is incorporated). *See Case Fin., Inc. v. Alden*, 2009 WL 2581873, at *4 (Del. Ch. Aug. 21, 2009) (requiring a "substantial burden" to pierce the corporate veil). Therefore, this does not change the result.

### B.    Plaintiff's direct infringement allegations are unsupported and inconsistent.

Plaintiff's direct infringement allegations plead no facts or claim construction interpretations that would render Plaintiff's allegations plausible. *Nalco*, which Plaintiff cites to claim Defendants are arguing the merits, explains a complaint must include "'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence' to support the plaintiff's allegations." *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). The FAC fails to do that. Defendants are not asking for fully developed infringement contentions in the complaint, just ***plausible*** allegations. Any claim construction needed in this analysis is condoned by the Federal Circuit in *UTTO*, which Plaintiff revealingly ignores (and then pivots to cases decided pre-*UTTO*). *See UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 993 (Fed. Cir. 2024); *see also* Dkt. 66 at 11. Defendants are not asking for Plaintiff to ***prove*** its case but just to show that it has a case ***to prove***.

### 1.    The FAC offers no bounds to its broad grouping of accused products.

In sum, the FAC accuses "all mobile applications of the named defendants" for the past six years. Dkt. 66 at 9–10. However, pointing generally to "all versions and variants of the Bank of America Web and Mobile Applications" does not give any clarity as to what functionality between the products is alleged to be infringing. *Id.* at 8. This is especially so given that Plaintiff has accused

three separate entities and the FAC does not include any facts to show how each accused product purportedly infringes or establish a factual basis that the Bank of America Mobile Application is representative of other accused products. Dkt. 54 at 13.

While Plaintiff's Response argues that the Bank of America Mobile Banking App acts as a representative product for "the biometric authentication functionality present in all Accused Products" (Dkt. 66 at 1), the FAC does not make these assertions. This is distinguishable from the complaint at issue in *Nichia*, where the plaintiff identified two representative products and dedicated five paragraphs to discussing in depth "the features of the exemplary products which are alleged to infringe," including by comparing these products to ones already held to infringe in an earlier case. *See Nichia Corp. v. VIZIO, Inc.*, No. 2:16-CV-616-JRG, Dkt. 1 ¶¶ 23–27 (E.D. Tex. June 13, 2016). Likewise, Plaintiff's reliance on *McZeal*, where the plaintiff identified a specific line of products—the "technology cellphone product line called Motorola i930 'INTERNATIONAL WALKIE TALKIE' offered by the defendants," is misplaced. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). This identification of a closed universe of products is very different from Plaintiff's attempt to vaguely accuse "all mobile applications" here. In comparison, the FAC provides no details as far as what features of "all mobile applications" infringe. And Plaintiff cannot avoid the notice requirement by pointing to infringement contentions that are outside the complaint. *See Panoptis*, 2017 WL 780885, at *2.

## 2. The FAC does not allege any verification of the *client machine*.

Defendants do not "disagree[] with the evidence" for step d. but instead take issue with the fact that the evidence does not plausibly allege infringement. Dkt. 66 at 10. To put it simply, step d. requires verifying that ***the client machine*** is authorized to access certain data, and Plaintiff claims this is met by ***a user*** signing in to its account via biometrics. Dkt. 54 at 13–16. Verification of a

4

"client machine" is different from verification of the "user" of that client machine.[1] This is bolstered by the fact that the '262 Patent clearly delineates between the two. *See, e.g.*, '262 Patent (Dkt. 34-1) at 1:63–67, 2:5–12, 2:59–3:8, 4:7–12, 5:11–23, 11:14–19. Plaintiff cannot (and does not even try to) dispute this point. And further, Plaintiff "fails to identify any alternative plausible construction . . . that might justify waiting for the benefit of claim construction." *Contiguity, LLC v. Conduent Bus. Servs., LLC*, 2024 WL 252068, at *3 (W.D. Tex. Jan. 22, 2024).

Indeed, in the Response, Plaintiff understands that its allegations only concern "verification of ***a user***" but then claims this verification is connected to the client machine because the client machine sends acknowledgment of it to the Bank of America online service. Dkt. 66 at 10 (emphasis added). This still focuses on verification of the user and bypasses the real focus of this limitation—how the client machine verification happens. The portions of the specification cited in Defendants' Motion highlight this, providing examples of how the client machine might be verified based on "particular characteristics of the particular computer or other client machine." '262 Patent at 2:32–45. On the other hand, the FAC does not even mention any characteristics of the client machine or show how verification of the client machine can be met by verifying the user via biometrics. The Court is not required to accept nonsensical allegations as true. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). And again, Plaintiff's infringement contentions do not absolve this problem. *See Fractus, S.A. v. TCL Corp.*, 2021 WL 2483155, at *3 (E.D. Tex. June 2, 2021) ("[T]he Court is perplexed by [the] suggestion that service of infringement contentions would cure a failure of notice" by the complaint.). Therefore, this failure alone warrants dismissal. *See Phillips v. Collier*, 2020 WL 5753614, at *4 (E.D. Tex. Aug. 17, 2020).

---

[1] In fact, anyone that has tried to log in to an app on another's iPhone with Face ID can confirm that this process does not verify that ***the client machine*** is authorized to access data.

### 3. The FAC does not contain enough facts to make the requisite showing that session identifiers are stored in two different places.

Plaintiff again fails to take an honest look at its allegations and accuses Defendants of asking for too much information. The fact of the matter is that Plaintiff has failed to provide enough (much less consistent) facts to give proper notice. *See* Dkt. 54 at 16–19. The FAC is littered with unexplained screenshots and conclusory assertions, yet Plaintiff now acts surprised as to how Defendants could not understand its allegations. Starting with step c., despite the Response's claim that it is obvious that the web browser it refers to is "the web browser *of the Bank of America Mobile Application*," the FAC does not once allege this, much less explain how an ***app*** has a web browser. Dkt. 66 at 13. This is underscored by the FAC's inconsistent allegations for different limitations—which the Court does not have to take as true. *See Nichia*, 2017 WL 3836141, at *1 (E.D. Tex. June 13, 2016). For example, the FAC's purported supporting screenshot for step e. shows only a web browser on a "Computer." Dkt. 54 at 18. Plaintiff does not address this. Further, the FAC does not identify the storage table for step e. with ***any*** specificity, merely calling it "a remote Bank of America storage table," which gives no notice as to what Plaintiff believes to be the storage table or where it is purportedly remotely located. Dkt. 34 ¶ 31.

### 4. The FAC similarly fails to provide facts supporting the claimed comparison of session identifiers to permit or deny authorized access.

The Response, like the FAC, does not even address the existence of a ***comparison*** between session identifiers in step g. In fact, the Response solely points to the FAC's allegations for step f., concluding without explanation that the FAC's reference to "successful sign in" in step f. adequately pleads step g. Dkt. 66 at 15–16. This conclusion essentially concedes that there is no factual support for step g. in the FAC.

6

**5.    No divided infringement theories are present in the FAC.**

Plaintiff's own allegations point to steps taken by third parties other than Defendants, but the FAC does not plead any facts to support the pleading standard for divided infringement through either direction or control or a joint enterprise. Dkt. 54 at 20–21. This waives divided infringement and dooms Plaintiff's direct infringement claims. *See Casa de Cambio Comdiv S.A. de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002). And this is not a factual dispute over "[t]he extent to which the Accused Products incorporate APIs or other software components in the finished product distributed to customers." Dkt. 66 at 17. Claim 11 is a method claim and thus can only be infringed through use (not manufacture or sale) of the patented method. *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006). Far from "a drill manufacturer's use of a motor or housing supplied by a third party" or any other "use of raw materials or components supplied by a third party in a physical product," the FAC directly alleges that limitations are ***performed by*** third parties. As ***one*** entity must perform every step, this is fatal. Dkt. 54 at 20.

**C.    The boilerplate allegations do not adequately plead pre-suit indirect infringement.**

To begin, Plaintiff's Response appears to understand the elements required to plead pre-suit induced and contributory infringement, despite the FAC failing to meaningfully address them. Dkt. 66 at 18–22. Starting with knowledge of the patent, Plaintiff paints a single decision from this Court—which relies on a dissimilar case from another court—as some sort of long-standing precedent that requires a finding of knowledge here. *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-486-JRG, Dkt. 69 at 10 (E.D. Tex. Sept. 9, 2023) (finding citations to ***patents*** made ***by applicant*** sufficient for knowledge ***when alongside*** industry publications and publicized enforcement efforts); *see also BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) (finding citations to ***patents*** support knowledge ***in conjunction*** with cease-and-desist letter). This mischaracterizes these holdings and fails to address that only the examiner, not the applicant,

ever cited the **patent** here. *See* Dkt. 54 at 23 n.4. Indeed, as demonstrated by Plaintiff's minimal and fact-specific case law,[2] Defendants' persuasive authority from other jurisdictions more similarly aligns with the facts. Besides, logically, it does not follow that a single citation to a patent amongst two dozen other references introduced by the examiner in one application is sufficient knowledge, especially here, where subsequent patent prosecution activity suggests the applicant was at most aware of the publication (before the '262 Patent's Claim 11 (then Claim 14) was amended to its issued form). *See id.*; *see also, e.g.*, Dkt. 54-3.

Second, there is no reason articulated **in the FAC** to impute BAC's purported knowledge to BANA and Merrill. The reasons Plaintiff manufactures in the Response, regardless of their merit, are not located in the FAC. *See Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (on a motion to dismiss, "the district court is limited to the allegations set forth in the complaint," which "may not be amended by the briefs in opposition"). The case law is clear that a basis outside of a mere parent–subsidiary relationship is required to impute knowledge. Dkt. 54 at 24. Lastly, willful blindness cannot act as a catch-all for knowledge, especially when the FAC contains absolutely no facts to support its application, such as the existence of a willfully blind policy. *See id.* at 25–26, 28–29. Plaintiff's Response is similarly silent, putting the cart before the horse and alleging it expects discovery will show willful blindness applies. *See* Dkt. 66 at 20.

---

[2] *Titanide*, for example, was decided over a decade ago in a different division of this Court and based on case law that has since received negative treatment. *See Titanide Ventures, LLC v. Int'l Bus. Machs. Corp.*, 2012 WL 5507327, at *3 (E.D. Tex. Oct. 18, 2012). For example, the District of Delaware later declined to follow the *Tek Global* case relied upon by *Titanide* because it was "not convinced that a patent examiner's reference to a single asserted patent, among multiple other references, is sufficient to state a claim for willfulness—particularly when the alleged infringer's patent issues over the cited patent," as is the case here. *Hills Point Indus. LLC v. Just Fur Love LLC*, 2023 WL 8804046, at *4 (D. Del. Dec. 20, 2023).

The FAC goes on to provide nothing more than conclusory assertions for specific intent and knowledge of infringement, which Plaintiff does not dispute. Plaintiff simply argues that its conclusory assertions are sufficient. *Id.* at 21. But this Court has already explicitly held that general allegations without specific factual content fail to provide notice. *See NorthStar*, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (requiring factual allegations to show defendant "caused or encouraged infringing activity" for induced infringement); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015) (requiring factual allegations to show that accused products are material, are especially adapted for infringement, and have no substantial non-infringing uses for contributory infringement). This lack of ***any*** facts is unlike Plaintiff's cited cases. *In re Taasera* cited exemplary manuals to show that defendant "provides manuals and documentation that instruct customers and end-users how to" infringe. *See In re Taasera*, 2023 WL 2465584, at *4–5 (E.D. Tex. Mar. 10, 2023). As for *Dialect*, Plaintiff's argument relies on the Court's conclusion for post-suit contributory infringement, which is not available here. For pre-suit contributory infringement, the Court found *Dialect*'s complaint failed to plead facts showing "a level of knowledge and understanding adequate to cause a reasonable person to question their continued use of the plaintiff's invention." *See Dialect, LLC v. Bank of Am., N.A.*, No. 2:24-CV-00207-JRG, 2024 WL 4980794, at *4, *6 (E.D. Tex. Dec. 4, 2024).

**D.     The perfunctory showing of pre-suit willful infringement is similarly insufficient.**

Pleading pre-suit willful infringement requires facts to plausibly support both (1) knowledge of the patent and (2) knowledge of infringement. Dkt. 54 at 27–29. Plaintiff's attempt to argue otherwise based on *KIPB* is disingenuous. Dkt. 66 at 22–23. In *KIPB*, the Court seemed focused on post-suit willfulness, which uses a different standard, to allow the willful infringement claims to proceed. *See KIPB LLC v. Samsung Elecs. Co., Ltd.*, 2020 WL 1500062, at *4–5 (E.D. Tex. Mar. 9, 2020); *see also Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 2022 WL 610796, at

*6 (E.D. Tex. Jan. 24, 2022) (indicating that allegations that defendant (i) has knowledge of the patent-in-suit and (ii) continues its allegedly infringing conduct, after receiving notice of a complaint, are sufficient for post-suit willfulness). But for pre-suit willfulness, the *KIPB* complaint "include[d] specific factual allegations" that defendant "had 'actual notice of the [patent-in-suit] and their infringing activities relating to the [patent-in-suit]'" from the filing of a previous patent case. *See KIPB*, 2020 WL 1500062, at *4; *see also KIPB*, No. 2:19-CV-56-RWS-RSP, Dkt. 1 ¶ 70 (E.D. Tex. Feb. 14, 2019). This more plausibly shows "a level of knowledge and understanding adequate to cause a reasonable person to question their continued use of the plaintiff's invention," unlike Plaintiff's failure to plead any pre-suit knowledge of infringement here. *Dialect*, 2024 WL 4980794, at *4. And even if Plaintiff had attempted to do so, a mere citation to the '262 Patent by the examiner more than a decade ago in a single patent assigned to BAC would not plausibly cause all three Defendants to believe all of their mobile applications infringed. Therefore, the prosecution history citations, even if accepted, are not enough. *See BillJCo*, 583 F. Supp.3d at 777 (finding no knowledge of infringement from citations to patents in prosecution history of defendant's patents).

### E.    Plaintiff has not provided any reason to give it a third bite at the apple.

Plaintiff offers no basis as to why it should be given yet another chance to fix the FAC. Plaintiff already possessed BAC's Motion to Dismiss (Dkt. 24)—which highlighted largely the same deficiencies as Defendants' Motion does—during its first amendment and still hardly changed its allegations. There is no reason to believe that Plaintiff would be able to plead any plausible claims if it were granted another chance to amend. *See Sgromo v. Bestway Enter. Co.*, 2019 WL 4686719, at *8 (E.D. Tex. Aug. 29, 2019) (denying leave to amend where complaint already amended twice and unclear that plaintiff would be able to plead claims). Entertaining such a futile amendment would waste both this Court's and the parties' resources, which is substantial reason enough to deny leave to amend. *See Clauder*, 805 F. Supp. at 447.

Date: February 27, 2025

Respectfully submitted,

*/s/ Dustin J. Edwards*
Dustin J. Edwards
Texas State Bar No. 24042335
Email: DEdwards@winston.com
Olivia A. Wogon
Texas State Bar No. 24137299
Email: OWogon@winston.com
Michelle N. Toro
Texas State Bar No. 24137246
Email: MToro@winston.com
**WINSTON & STRAWN LLP**
800 Capitol St., Suite 2400
Houston, TX 77002-5242
Phone: (713) 651-2600
Facsimile: (713) 651-2700

E. Danielle T. Williams
North Carolina Bar No. 23283
Email: DWilliams@winston.com
Richard H. Quarles
North Carolina Bar No. 60684
Email: RQuarles@winston.com
**WINSTON & STRAWN LLP**
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202
Phone: (704) 350-7700
Facsimile: (704) 350-7800

Christopher T. Gresalfi
New York Bar No. 5472121 (PHV)
Email: CGresalfi@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166-4193
Phone: (212) 294-6700
Facsimile: (212) 294-4700

Kyle Lee Dockendorf
Texas State Bar No. 24136811
Email: KDockendorf@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Phone: (214) 453-6500

Facsimile: (214)453-6400

Brian L. O'Gara
Illinois State Bar No. 6342669
Email: BOGara@winston.com
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Phone: (312) 558-5600
Facsimile: (312) 558-5700

*Counsel for Defendants,*
*Bank of America Corporation,*
*Bank of America, N.A., and*
*Merrill Lynch, Pierce, Fenner & Smith, Inc.*

12

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the above document was

served on all counsel of record via the Court's ECF system on February 27, 2025.

/s/ *Dustin J. Edwards*
Dustin J. Edwards