# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BROWSERKEY, LLC, § § § Plaintiff, § § v. § § WELLS FARGO BANK, N.A., § § Defendant. § § § § | Case No. 2:24-cv-00800-JRG-RSP (Lead Case) **JURY TRIAL DEMANDED** |

**PLAINTIFF BROWSERKEY, LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S PARTIAL MOTION TO DISMISS BROWSERKEY'S AMENDED COMPLAINT (DKT. 51)**

## **TABLE OF CONTENTS**

**Page(s)**

I.   WELLS FARGO'S MOTION SHOULD BE DENIED WITH RESPECT TO INDIRECT INFRINGEMENT ................................................................................................ 1

II.  IF THE COURT IS NOT SATISFIED WITH BROWSERKEY'S ALLEGATION, BROWSERKEY SHOULD BE GIVEN LEAVE TO AMEND ............. 3

III. WELLS FARGO'S ARGUMENTS FOR DISMISSAL OF WILLFUL INFRINGEMENT ARE MOOT ...................................................................................... 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bill of Lading*,
   681 F.3d at 1341 ................................................................................................1, 3

*KIPB LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062 (E.D. Tex. Mar. 9, 2020) ..........................2

*Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*,
   No. 6:11-cv-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) ...............................................1

*Raytheon Co. v. Cray, Inc.*,
   No. 2:16-CV-00423-JRG-RSP, 2017 WL 1362700 (E.D. Tex. Mar. 13, 2017) ......................2

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
   170 F. Supp. 3d 928 (E.D. Tex. 2016) ......................................................................................2

*SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance
   Com. Mortg. Pass-Through Certificates, Series
   2007-3*, 881 F.3d 933 (5th Cir. 2018) .......................................................................................4

Plaintiff BrowserKey, LLC ("BrowserKey" or "Plaintiff") submits this Sur-Reply in support of its opposition to Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss (Dkt. 51, the "Motion" or "Mot."). BrowserKey's First Amended Complaint ("FAC", Dkt. 49). For the reasons stated below, BrowserKey respectfully requests that the Motion be denied.

I.  **WELLS FARGO'S MOTION SHOULD BE DENIED WITH RESPECT TO INDIRECT INFRINGEMENT**

Defendant's arguments are solely directed to the knowledge element of indirect infringement (whether alleged to be satisfied by actual knowledge or willful blindness) – as opposed to, for example, acts of inducement. While Defendant disputes the precise wording of BrowserKey's characterization, it does not, and cannot, identify any other argument presented in the Motion. The remainder repeats the arguments in the Motion, but still amounts to a demand that BrowserKey come forward with evidentiary support for its allegations that Wells Fargo knew of, or was willfully blind to, the '262 Patent. But BrowserKey is not required to prove its indirect infringement case in the complaint. *See Pat. Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 WL 9864381, at *5 (E.D. Tex. July 27, 2012) (holding a plaintiff "need not prove its inducement case at the time of filing, nor must it provide detailed factual support for every element of inducement.") (citation omitted); *see also In re Bill of Lading*, 681 F.3d at 1341 ("As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged."). BrowserKey's specific allegations that Wells Fargo knew of, or was willfully blind to, the '262 Patent are sufficient, and "raise a reasonable expectation that discovery will reveal" Wells Fargo's knowledge or willful blindness. The Motion should therefore be denied.

On Reply, Wells Fargo rehashes its arguments based on cases addressed or cited in BrowserKey's Opposition but fails to show that BrowserKey's allegations of indirect infringement should be dismissed.

First, Wells Fargo incorrectly re-interprets the *Dialect* case for the proposition that claims that "offered less-specific allegations than the allegations found deficiency in *Dialect*" should be automatically dismissed. Wells Fargo ignores that the allegations at issue in *Dialect* did not concern the patents-in-suit themselves, but rather related applications or prior owners of the patents-in-suit, and were dismissed on that basis. *Dialect* did not establish a bright line "specificity" standard for knowledge of asserted patents as Wells Fargo suggests, and Wells Fargo fails to cite any language of the *Dialect* decision for its argument.

Second, Wells Fargo takes issue with BrowserKey's citation to *KIPB v. Samsung*. But in *KIPB*, the Court denied dismissal of indirect and willful infringement claims, finding that "allegations concerning knowledge of the patents-in-suit are sufficient." *KIPB LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00056-JRG-RSP, 2020 WL 1500062, at *4 (E.D. Tex. Mar. 9, 2020) (citing *Raytheon Co. v. Cray, Inc.*, No. 2:16-CV-00423-JRG-RSP, 2017 WL 1362700, at *5 (E.D. Tex. Mar. 13, 2017)). *KIPB* did not establish a minimum pleading standard for knowledge of a patent as Wells Fargo suggests.

Third, Wells Fargo conflates pleading willful blindness, with advancing evidence for each element, while taking issue with BrowserKey's citation to *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 936-37 (E.D. Tex. 2016). BrowserKey has specifically alleged that Wells Fargo performed affirmative acts of inducement "with the intent, or willful blindness, that the induced acts directly infringe the '262 Patent." Moreover, BrowserKey expects that Wells Fargo has a policy or practice against reviewing other's patents and lacks any mechanism for

employees to report patents that Wells Fargo may infringe. BrowserKey similarly expects that any freedom to operate within the field of the Accused Products would necessarily identify the '262 Patent due to its foundational nature in authentication technology. To the extent that the Court is not satisfied with BrowserKey's allegations of willful blindness, BrowserKey respectfully submits that it should be given leave to amend to address willful blindness more specifically, as discussed below.

Finally, Wells Fargo argues that BrowserKey's arguments do not entitle it to discovery into its knowledge of the '262 Patent. Wells Fargo attempts to create a catch 22 – it argues that BrowserKey's allegations are not specific enough, but that BrowserKey should not be allowed discovery to make them more specific. Moreover, Wells Fargo's arguments are in tension with the Federal Circuit's interpretation of the Supreme Court's holding in *In re Bill of Lading*: As the Supreme Court has explained, the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading*, 681 F.3d at 1341.

## II. IF THE COURT IS NOT SATISFIED WITH BROWSERKEY'S ALLEGATION, BROWSERKEY SHOULD BE GIVEN LEAVE TO AMEND

While BrowserKey maintains that it has sufficiently and plausibly alleged pre-suit indirect infringement and willful infringement, to the extent the Court is not satisfied with the sufficiency of BrowserKey's allegations in the FAC, BrowserKey respectfully requests leave to file a second amended complaint.

Wells Fargo did not address the possibility of amendment in its Motion. On Reply, Wells Fargo argues that the Court should not allow amendment because it would be futile. But Wells Fargo's futility argument amounts to sheer speculation that discovery would not support its

3

knowledge of the '262 Patent, even as it argues that it should not have to engage in discovery. But Wells Fargo's knowledge of, or willful blindness to, the '262 Patent is a purely factual issue. It cannot prove futility based on a litigation position that discovery will not show its knowledge of the '262 Patent.

Wells Fargo also argues that BrowserKey should have added the allegations in a prior amendment or advanced more evidence in its Opposition, without addressing the "bias in favor of granting leave to amend." *See SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018). The fact that BrowserKey did not already amend its complaint to allege pre-suit knowledge and willful blindness based on (1) freedom to operate searches; (2) a policy or practice against reviewing others' patents; (3) absence of mechanisms for employees to report patents that Wells Fargo infringes; and (4) absence of written policies regarding patents or patent infringement, is not a "substantial reason" to deny BrowserKey's request for amendment, should the Court determine it necessary.

### III. WELLS FARGO'S ARGUMENTS FOR DISMISSAL OF WILLFUL INFRINGEMENT ARE MOOT

With respect to willful infringement, BrowserKey has stated that it is not currently asserting willful infringement.[1] While certain of BrowserKey's arguments were directed to the Motion as a whole without excluding willfulness, those arguments were not intended to create an issue over willfulness, as opposed to indirect infringement. Because this issue is moot and not appropriate for dismissal, Wells Fargo's Motion should be denied.

---

[1] While is does not currently assert claims of willful infringement, BrowserKey expressly reserves the right to seek leave amend the Complaint to add a claim for willful infringement in the event facts supporting such a claim come to light in discovery.

| | |
|---|---|
| Dated:  March 4, 2025 | Respectfully submitted,<br><br>   */s/ Vincent J. Rubino, III*<br>Alfred R. Fabricant<br>NY Bar No. 2219392<br>Email: ffabricant@fabricantllp.com<br>Peter Lambrianakos<br>NY Bar No. 2894392<br>Email:  plambrianakos@fabricantllp.com<br>Vincent J. Rubino, III<br>NY Bar No. 4557435<br>Email:  vrubino@fabricantllp.com<br>Jacob Ostling<br>NY Bar No. 5684824<br>Email: jostling@fabricantllp.com<br>**FABRICANT LLP**<br>411 Theodore Fremd Avenue,<br>Suite 206 South<br>Rye, New York 10580<br>Telephone: (212) 257-5797<br>Facsimile: (212) 257-5796<br><br>Justin Kurt Truelove<br>Texas Bar No. 24013653<br>Email: kurt@truelovelawfirm.com<br>**TRUELOVE LAW FIRM, PLLC**<br>100 West Houston Street<br>Marshall, Texas 75670<br>Telephone: (903) 938-8321<br>Facsimile: (903) 215-8510<br><br>***ATTORNEYS FOR PLAINTIFF BROWSERKEY, LLC*** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 4, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                                             */s/ Vincent J. Rubino, III*
                                                                               Vincent J. Rubino, III

Case 2:24-cv-00800-JRG-RSP   Document 69   Filed 03/04/25   Page 9 of 9 PageID #: 712